FILED
APR 2 8 2009

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Case No. 08-402-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| CHRISTOPHER DOUGLAS URBICK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Karin J. Immergut
United States Attorney
District of Oregon
Fred W. Slaughter
Assistant United States Attorney
1000 SW 3rd Avenue, Suite 600
Portland , Oregon  97204

    Attorneys for Plaintiff

Christopher J. Schatz
101 S.W. Main Street, Suite 1700
Portland , Oregon  97204

    Attorney for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Defendant Christopher Douglas Urbick is charged with bank robbery. Before the court is Urbick's Motion for Order Directing U.S. Attorney's Office to Return Bank Funds (#20).

## BACKGROUND

On September 2, 2008, defendant took $4,460 by means of intimidation from a Portland branch of U.S. Bank. He was arrested minutes later and police seized the funds found in his possession. Defendant has been indicted for bank robbery, has entered a plea of guilty and is scheduled to be sentenced on June 24, 2009.

On February 9, 2009, defendant's counsel requested the seized funds be returned to U.S. Bank. The government informed defense counsel the funds would not be returned until after Mr. Urbick's sentencing. Defendant argues the funds must be returned before the sentencing hearing so that the actual loss sustained by U.S. Bank will be reflected in his obligation to pay restitution under the Mandatory Victim's Restitution Act ("MVRA"), 18 U.S.C. § 3663. The government argues return of the funds is not required before sentencing, and that the funds should be credited against the restitution requirement after sentencing.

Defendant argues the restitution award can only include the actual loss to the bank and cites Lavin v. United States, 299 F.3d 123, 124 (2d Cir. 2002), in which the court held that funds held by law enforcement authorities should be subtracted from the loss attributable to the defendant's conduct when determining the amount of restitution due. Defendant further argues the government is acting as an involuntary or constructive bailee of the funds, United States v. Thomas, 82 U.S. 337, 344 (1872), since a thief cannot gain title to the stolen funds, City of Portland v. Berry, 86 Or.App. 376, 379, 739 P.2d 1041 (1987), and therefore the government has

Page 2 - OPINION AND ORDER

a duty to return the funds once the reasons for and circumstances requiring the bailment have ended. Am. Jur. 2d Bailments, §§ 134, 140 at 589, 595 (West 1997). Defendant argues the nature and objectives of the bailment were accomplished on January 29, 2009 when Mr. Urbick changed his plea to guilty. Additionally, Mr. Urbick executed a formal declaration waiving any interest in or entitlement to the funds and stipulating to the amount for all future purposes in this case. Thus, defendant argues, the bailment has ended and the funds should be returned.

In the alternative, defendant argues the government was acting as an agent for U.S. Bank, so that because the government has custody of the funds, the funds should be viewed as having been returned to the bank. Defendant cites no authority for this alternative argument.

The government argues defendant's reliance on <u>Lavin</u> is misplaced both because that case concerned conduct that occurred before enactment of the MVRA (though <u>Lavin</u> was decided after enactment) and because application of the <u>Lavin</u> holding to these facts is foreclosed by the MVRA and circuit court precedent. The government, quoting the Ninth Circuit's interpretation of the MVRA in <u>United States v. Bright</u>, in which the court refused to subtract monies seized from the defendant in its initial calculation of the restitution award, claims proper treatment of the funds in custody is not to subtract the amount from the initial calculation of the restitution award. The government argues the court is required to calculate the full amount of the loss without an offset for the recovered funds held by the government:

> [The MVRA] directs the court to order restitution of the full amount of the victims loss without regard to the defendant's economic circumstances and—echoing the VWPA § 3663 [the law the MVRA amended] —*without regard to other sources of compensation for the victims.* Any such offsets are instead to be handled separately as potential credits against the defendant's restitution obligation—not as reductions in the amount of that obligation in the first instance.

353 F.3d 1114, 1121 (9th Cir. 2004) (emphasis in original). The <u>Bright</u> court further noted:

[t]hat the government "recovered" the funds through seizure and forfeiture does not mean that the victims never lost them. Moreover, Bright has offered no authority for the proposition that funds the government seizes must be (or can be) deducted from the court's loss calculation. Indeed, even if the money were eventually restored to the victims, reducing Bright's loss calculation by the amount seized would distort the magnitude of his crime.

Id.3d at 1119 (internal citations omitted).  Finally, the court held:

The MVRA provisions above make clear that funds the victims have *not* received cannot reduce or offset the amount of losses the defendant is required to repay. We agree with the Fourth Circuit that:

"If the MVRA prohibits district courts from reducing the amount of restitution by the amount of third-party compensation received by a victim prior to entry of the district court's order of restitution, it would be nonsensical for the district court to have discretion to reduce the amount of restitution by the value of property seized from the defendant and retained by the government in administrative forfeiture, a loss to the defendant."

As to crimes covered by the MVRA, therefore, the MVRA has eliminated whatever discretion district courts previously had under the VWPA to include offsets for forfeited funds that have not been restored to victims.

Id. at 1123 (citing United. States. v. Alalade, 204 F.3d 536, 540 (4th Cir. 2000)).

In his reply, defendant argues Bright and Alalade are inapplicable because the funds at issue in those cases were forfeited to the government, while the funds at issue here are held in a constructive bailment.  In arguing the funds should be returned before sentencing, defendant quotes MVRA § 3663A(b):

(b) The order of restitution shall require that such defendant–
(1) in the case of an offense resulting in damage to or loss of destruction of property of a victim of the offense–
(A) return the property to the owner of the property or someone designated by the owner; or
(B) if return of the property under subparagraph (A) is impossible, impracticable, or inadequate, pay an amount equal to or greater of –

Page 4 - OPINION AND ORDER

(j) the value of the property on the date of the damage, loss, or destruction; or

(ii) the value of the property on the date of sentencing, less the value (as of the date of the property is returned) of any part of the property that is returned....

Defendant is apparently arguing the seized funds have effectively been returned for purposes of the MVRA and therefore should be subtracted from the restitution order amount. Defendant further argues that because the government has not instituted formal forfeiture proceedings, there is no reason the funds should not be returned to the bank. By defendant's reasoning, the court has the discretion to order the funds returned and should do so because the government no longer has a reason to hold the funds.

The government cites United States v. McCracken, where the court upheld the district court's refusal to subtract the monies seized from defendant at the time of arrest from the restitution award: "because the [MVRA] requires the court to order 'restitution to the victim in the *full amount* of each victim's losses,' and the district court has no discretion to adjust the total restitution due to the victim based on funds held by law enforcement." 487 F.3d 1125, 1128-29 (8th Cir. 2007) (internal citations omitted) (emphasis in original). Defendant argues McCracken is inapplicable because it was unclear whether the monies seized were fruits of the bank robberies or from another source while here the money was clearly from the bank.

## DISCUSSION

At argument, the court asked if the United States Attorney's Office has a specific policy that deals with funds stolen from banks, but recovered and turned over to government authorities. The assistant U.S. Attorney stated that when a bank fraud, bank robbery or any kind of offense occurs that involves forfeiture, there is supposed to be a Forfeiture Allegation and the U.S.

Attorneys are working to have an allegation appear in every indictment. The court raised the question as to whether or not forfeiture could occur without an Order of the Court directing forfeiture. The Assistant U.S. Attorney responded by indicating there could be a civil or administrative forfeiture, which would not involve the court. The court then asked if an Order of Forfeiture had been entered, what would happen to the funds being held by the government. The court was concerned about this issue in view of the government's position that the court did not have the authority to order credit be given for funds subject to forfeiture or that have been forfeited. When asked where the forfeited funds would go, the U.S. Attorney responded the Asset Forfeiture and Money Laundering section has been delegated the responsibilities of the Attorney General to decide whether those fund should be restored to victims, or whether they would be paid into the Forfeiture Fund. The court asked whether given the government's position, that the law requires the court to enter an Order of Restitution calculating the total loss without any credit for the funds seized could result in situations in which the court was imposing a sentence and entering an Order of Restitution for the full amount taken from the bank, without knowing, or having any control, over the decision of whether victim's funds would be returned to the victim or forfeited to the government. The following colloquy took place:

Mr. Nesler: Could I just make sure I understand the question you're asking, Your Honor? You want to know what happens if there is an administrative or completed civil forfeiture, so that funds have been forfeited and are at the asset forfeiture - -

The Court: Yes. Let's take this situation.

Mr. Nesler: Okay.

Page 6 - OPINION AND ORDER

The Court: This situation, robbery of a bank, funds recovered immediately, into the hands of the government, and the government for some reason decides there should be a forfeiture or there is an administrative forfeiture, and - -

Mr. Nesler: And that there should not be any restoration to the bank.

The Court: - - and there is no restoration to the bank by reason of a government decision.

Mr. Nesler: Right. Under those circumstances, Your Honor, you are required by the law to order full restitution.

The Court: Is that fair?

Mr. Nesler: Yes, it is. The law contemplates both, Your Honor, and the law requires both. Tr. 25-26, Mar. 18, 2009.

In the instant case, the government has agreed the funds recovered would be held and would be paid to the victim, U.S. Bank. The government argues that the court has no authority to direct payment of the funds to the victim U.S. Bank. I do not decide that issue today. The government also claims that the court does not have authority to order that the defendant receive credit for funds being held by the government which are subject to forfeiture. Clearly the positions taken by the U.S. Attorney's Office raise questions that go beyond this case. To resolve the instant case, I deny Defendant's Motion for an Order Directing the U.S. Attorney's Office to Return Bank Funds. I order the U.S. Attorney's Office to notify the bank and any other victim, if there is any possibility that the money being held by the government will not be repaid to the bank. Certainly, the bank, or any other victim, has the right to assert that funds taken from it should be returned rather than forfeited at the discretion of the government.

I also order the U.S. Attorney's Office to submit information to the United States Probation Office for inclusion in the presentence report regarding the disposition of any recovered funds.

It is the court's intention to determine the total loss for restitution purposes but to order a credit be given for recovered funds as may be appropriate at sentencing.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Order Directing U.S. Attorney's Office to Return Bank Funds (#20) is denied. The U.S. Attorney's Office is ordered to notify U.S. Bank and any other victim in this case if there is any possibility the money being held by the government will not be repaid to the bank.

IT IS SO ORDERED.

Dated this _____28th_____ day of April, 2009.

Garr M. King
United States District Judge